UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

VALERIE RATLIFF & JEFFREY RATLIFF,

                                  Plaintiffs,

        -against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN DOES 1-10,

                                  Defendants.

**ECF CASE**

**COMPLAINT**

07 CV 685 (SAS) (AJP)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. This case arises from an October 21, 2006 incident in which members of the New York City Police Department ("NYPD") subjected plaintiffs to an illegal entry and search of their home, false arrest, excessive force, and fabricated evidence. Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New

York's deliberate indifference to plaintiffs' rights under federal law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

4. Plaintiffs are residents of the State of New York, County of Kings. Neither plaintiff has a criminal record. Valerie Ratliff was born on December 18, 1933. Jeffrey Ratliff, Valerie Ratliff's grandson, was born on August 11, 1984.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officers John Does 1-10 are members of the NYPD who were involved in the police action taken against plaintiffs on October 21, 2006. John Does 1-10 are sued in their individual capacities.

## STATEMENT OF FACTS

7. On October 21, 2006, at approximately 7:30 a.m., approximately ten police officers illegally broke open the door to plaintiff's home located at 111 Bridge Street, apartment 9H, Brooklyn, New York.

8. After breaking open the door, the police officers illegally entered plaintiff's home, pointed their guns at plaintiff Jeffrey Ratliff, and arrested plaintiffs without cause.

9. In the course of formally arresting plaintiffs, the officers handcuffed plaintiffs excessively tight causing marks to plaintiffs' wrists and interfering with plaintiffs' circulation.

10. The officers then illegally searched plaintiffs' home, ransacked the premises, and destroyed several of plaintiffs' possessions such as the contents of a wall unit and some furniture.

11. Thereafter, the officers took plaintiffs out of their home in handcuffs and escorted plaintiffs to a police car in full view of plaintiffs' neighbors.

12. After plaintiffs were placed into a police car, the police took plaintiffs to the 77th Precinct for arrest processing.

13. In the afternoon of October 21, 2006, the police took plaintiffs to Central Booking to await arraignment.

14. While plaintiffs were awaiting arraignment, one or more of the arresting officers met with an Assistant District Attorney.

15. The arresting officer(s) misrepresented to the Assistant District Attorney that plaintiffs were in possession of drugs.

16. At no time were plaintiffs in actual or constructive possession of drugs.

17. The Assistant District Attorney rejected the account given by the officer(s) and declined to prosecute plaintiffs which resulted in the charges being dismissed.

18. As a result of defendants' actions, plaintiffs experienced pain, physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, and damage to reputation.

**FEDERAL CLAIMS AGAINST POLICE OFFICERS JOHN DOES 1-10**

19. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-18 as if fully set forth herein.

20. The conduct of Police Officers John Does 1-10, as described herein, amounted to an illegal entry and search of plaintiffs' home, false arrest, excessive force, and fabricated evidence. This conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

21. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-20 as if fully set forth herein.

22. The City of New York directly caused the constitutional violations suffered by plaintiffs.

23. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its employees, including the John Doe defendants, are unfit, poorly trained, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

24. The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. Costs, interest and attorney's fees;

   d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: January 25, 2007
     Brooklyn, New York

           CARDINALE & MARINELLI
           26 Court Street, Suite 1815
           Brooklyn, New York 11242
           (718) 624-9391

           By:

           *RICHARD J. CARDINALE*
           _____
           RICHARD J. CARDINALE (RC-8507)